# IN THE SUPERIOR COURT NO. 1 FOR BOONE COUNTY
# STATE OF INDIANA

CAUSE NO.

| | |
|---|---|
| JONATHAN JOHNSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) |
| CRETE CARRIER CORPORATION, | ) |
| ENRIQUE ESPINOZA, AND | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

Plaintiff Jonathan Johnson, by counsel, hereby asserts claims for relief against Defendants Crete Carrier Corporation, Enrique Espinoza, and Geico Casualty Company. In support hereof, the Plaintiff states and alleges:

1. At all times relevant herein, Jonathan Johnson was domiciled in Cook County, Illinois and traveling in Boone County, Indiana.

2. At all times relevant herein, Enrique Espinoza was traveling in Boone County, Indiana.

3. At all times relevant herein, Crete Carrier Corporation was doing business in the state of Indiana.

4. At all times relevant herein, Enrique Espinoza was an employee of Crete Carrier Corporation and working within the scope of said employment. As a result of an employee-employer relationship, Crete Carrier Corporation is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of Enrique

Espinoza.

5. At all times relevant herein, Geico Casualty Company was an insurance company licensed to do business in Indiana.

6. On May 16, 2019, at approximately 8:55 p.m., Jonathan Johnson was driving an Acura on Southbound Interstate 65 in the right turn lane of the ramp for exit 140 in Boone County, Indiana.

7. At said date and time, Enrique Espinoza was operating a Semi-Tractor to the left of the Acura.

## Count I

Jonathan Johnson, by counsel, hereby asserts claims for relief against Crete Carrier Corporation and Enrique Espinoza.

8. At all times relevant herein, Crete Carrier Corporation was a motor carrier subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

9. At all times relevant herein, the Semi-Tractor and Trailer being operated by Enrique Espinoza was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

10. At all times relevant herein, as the driver and operator of the Semi-Tractor and Trailer, Enrique Espinoza, was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

11. On May 16, 2019, at approximately 8:55 p.m., the negligent conduct of Enrique Espinoza in operating the Semi-Tractor and Trailer was a responsible cause of a collision with the Acura being occupied by Jonathan Johnson.

12. At said date and time, Enrique Espinoza was negligent in operating the Semi-Tractor and Trailer, including failing to use reasonable care, failing to maintain proper control, failing to keep a proper lookout, driving at an unreasonable speed under the circumstances, turning from a direct course upon the roadway when the movement could not be made with reasonable safety, and failing to yield the right-of-way.

13. The negligent conduct of Enrique Espinoza was the unexcused violation of one or more laws designed to protect the class of persons, including Jonathan Johnson, against the type of harm which occurred because of the violation.

14. The negligent conduct of Enrique Espinoza was a responsible cause of Jonathan Johnson experiencing harms, including injuries, pain, suffering, and damages.

**WHEREFORE**, Plaintiff Jonathan Johnson prays that the Court enters a judgment against Defendants Crete Carrier Corporation and Enrique Espinoza for compensatory damages in an amount sufficient to remedy the harms to Plaintiff Jonathan Johnson, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

### Count II

Jonathan Johnson, by counsel, hereby asserts claims for relief against Geico

Casualty Company.

15. Jonathan Johnson incorporates by reference herein paragraphs numbered 11 through 14 of the Complaint.

16. On May 16, 2019, at approximately 8:55 p.m., at the time of the collision, Geico Casualty Company had in force and effect a motor vehicle insurance policy ("Policy"), which insured Jonathan Johnson.

17. At the time of the collision, it is believed that the Semi-Tractor and Trailer being operated by Enrique Espinoza may not have had a motor vehicle liability insurance policy in effect and Enrique Espinoza may not have been otherwise covered by any moto vehicle liability insurance policy, bond or certificate of self-insurance as required by Indiana Code §9-25-4-1, et. seq.

18. At the time of the collision, the Semi-Tractor and Trailor may have been an "uninsured automobile" under the terms of the Policy.

19. At the time of the collision, under the Policy, there was uninsured motorist bodily injury coverage.

20. At the time of the collision, Jonathan Johnson was an "insured" under the Policy.

21. Pursuant to the terms of the Policy, GEICO Casualty Company may be obligated to pay the compensatory damages Jonathan Johnson is entitled to recover from Enrique Espinoza resulting from the collision.

22. Jonathan Johnson has fully complied with all the terms and conditions in the Policy.

**WHEREFORE**, Plaintiff Jonathan Johnson prays that the Court enters judgment declaring and determining the rights of Jonathan Johnson under the Policy, declaring and determining the obligations of Geico Casualty Company under the Policy, against Geico Casualty Company for compensatory damages, up to the limit of liability under the Policy, to remedy the harms to Jonathan Johnson resulting from the negligent conduct of Enrique Espinoza, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC


/s/ *Christopher M. Barry*
Christopher M. Barry, #26254-49


/s/ *Alexander R. Craig*
Alexander R. Craig, #31273-49


Attorneys for Plaintiff:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)